CV6-450 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00450-CV

Odessa Tannehill and Danny Dorris, Appellants

v.

City of Austin, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. 96-04321, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

PER CURIAM

 Odessa Tannehill and Danny Dorris filed a "Motion for Accelerated Interlocutory Appeal
and Request for Injunction Relief" in this Court. Although the motion uses mandamus terminology, the
documents attached to the motion, such as the final judgment and request for a transcript and statement of
facts, indicate that it is an appeal from a final judgment granting the City's request for permanent injunction
rather than an original proceeding or interlocutory appeal. We have received a transcript and statement
of facts and accordingly are treating our cause number 03-96-00450-CV as an appeal from trial court
cause 96-04321. We will dismiss the above motion filed on July 31, 1996.

 The trial court entered a final judgment permanently enjoining appellants from setting any
further hearings in trial court cause numbers 95-02353 and 95-15722. The trial-court has rendered a final
judgment in each cause. Neither 95-02353 nor 95-15722 remain subject to appellate review.

 The trial court signed the final judgment in this cause on June 26, 1996. A timely motion
for new trial was filed. Accordingly, the perfecting instrument was due September 24, 1996. Tex. R. App.
P. 41(a)(1). However, the affidavit of inability to pay, the perfecting instrument, was filed September 27,
1996. (1) No motion for extension of time to file the affidavit or other perfecting instrument has ever been
received in this Court and the 15-day period for filing motions for extension has passed. Tex. R. App. P.
41(a)(2). Accordingly, we have never acquired jurisdiction over the appeal and must dismiss the appeal.

 Ms. Tannehill and Mr. Dorris are advised that the effect of this Court dismissing their
appeal is to leave the trial court injunction in place and effective.

 We dismiss the appeal for want of jurisdiction.

Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: December 5, 1996

Do Not Publish
1.   We note that two affidavits, both lacking the required notice, were submitted with the motion
filed in this Court. Neither affidavit, however, bears a file-mark from the Travis County District
Clerk's office. Therefore, neither was effective to perfect the appeal. Tex. R. App. P. 41(a)(1).